IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

VITALY BORKER,                    )
    Petitioner,               )
                     )
v.                                )     Civil Action No._____
                     )
WARDEN BOWERS,                    )
    Respondent.               )

*********************************************************************

PETITIONER'S MEMORANDUM IN SUPPORT OF HIS
PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241

*********************************************************************

## FACTUAL BACKGROUND

On 4/28/23, petitioner was sentenced in the Southern District of New York to a term of 30 months imprisonment and 3 years of supervised release, following his guilty plea to the charge of wire fraud. (See United States v. Borker 22-cr-273-JSR). Before and after sentencing, Petitioner was housed at the Metropolitan Detention Center (MDC) in Brooklyn, NY until he was subsequently transferred to FCI Fort Dix on 7/18/23. Petitioner worked productively as a unit orderly, never refused to participate in any programming or FSA risk assessments, attempted to access programming when available and maintained clear conduct.

## I. RELIEF SOUGHT

Under 28 C.F.R. 523.42(a), the BOP's policy is that Petitioner is not entitled to ETC's (Earned Time credits) until he arrived at his designated facility on 7/18/23, despite having been in custody and control of the Federal Government since he was arrested and detained. Without ETC's being rewarded for this time period (4/28/23-7/18/23), Petitioner is being denied a total of approximately 30 days towards

Page Two

early release. Petitioner asserts that he became eligible for ETC accrual when he was sentenced on 4/28/23, and that a calculation including this time period would result in his earlier eligibility for release.

## II. THE EXHAUSTION REQUIREMENT SHOULD BE WAIVED

Petitioner began the Administrative Remedy Process on 12/5/2023. Petitioner completed the first two steps and filed an appeal with the Regional Director, the third step of the process, on or about 12/29/2023. Petitioner asserts that further exhaustion would be futile because BOP's position with respect to whether he is entitled to ETC's for the challenged time period is consistent with it's official policy as set forth in its regulations under 28 C.F.R. 523.42(a), which provides that "[a]n eligible inmate begins earning FSA time credits after the inmate's term on imprisonment commences (the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served)" 28 C.F.R. 523.42(a). This is further evidenced by the Unit Manager's response on 12/5/23, that "Federal Time credits from 4/28/23 thru 7/17/23 cannot be earned. Eligible offenders begin earning time credits once they arrive at their designated BOP facility". (Exhibit 1: Response by Unit Manager 12/5/23) and echoed by the Warden's response on 12/22/23 that "Eligible Offenders begin earning time credits once they arrive at their designated BOP Facility". (Exhibit 2: Response by Warden remedy ID #1184121-F1). There is no viable reason to suggest that further levels of exhaustion will deviate from the BOP's regulations as set forth in it's policy.

Courts have recognized exceptions to the 28 U.S.C. § 2241 exhaustion requirement when exhausting administrative appeals "would be futile, or

Page Three

[when] the appeals process [would] be inadequate to prevent irreparable harm." <u>Rodriguez-Rosa v. Spaulding</u>, No. CV 19-11984-MBB, 2020 WL 2543239, at *10 n.21, 2020 U.S. Dist. LEXIS 88044 (D. Mass. May 19, 2020)(internal quotation marks and citation omitted); <u>Carroll v. Warden of FCI Berlin Robert Hazlewood</u>, No. 21-CV-139-PB, 2021 WL 2877463, at *2 (D.N.H. May 26, 2021), report and recommendation adopted sub nom. <u>Carroll v. Hazlewood</u>, No. 21-CV-00139-PB, 2021 WL 2857184 (D.N.H. July 07, 2021).

Specifically, exceptions "are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attemp to exhaust such remedies would itself be a patently futile course of action." <u>Fuller v. Rich</u>, 11 F.3d 61, 65 (5th Cir. 1994)). The Tenth and Sixth Circuits also recognize a futility exception to the exhaustion requirement applicable to section 2241 petitions. <u>See Garza v. Davis</u> 596 F.3d 1198, 1203-04 (10th Cir. 2010); <u>Fazzini v. northest Ohio Correctional Center</u>, 473 F.3d at 236 (habeas exhaustion requirement for section 2241 petition "may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks"); <u>See also Beharry v. Ashcroft</u>, 329 F.3d 51, 62 (2d Cir. 2003).

## III. <u>THE EXHAUSTION REQUIREMENTS SHOULD BE WAIVED IN THE CONTEXT</u> <u>OF THE FIRST STEP ACT</u>

Courts have addressed the waiver of administrative exhaustion upon a showing of "futility, incapability, [or] undue prejudice" in the context of the FSA. In <u>Goodman v. Ortiz</u>, 2020 WL 5015613 (D.N.J. August 25, 2020), the Court found that the exhaustion requirement would be futile where the BOP's preferred construction of the FSA barring the reward of ETC's was contrary to the statutory language. <u>See Also Hare v. Ortiz</u>, No. 20-14093, 2021 WL 391280 (D.N.J. February 04, 2021)(invoking

Page Four

the principle that exhaustion was not required because the case presented
"a narrow dispute of statutory construction" where the petitioner sought
review of BOP's determination of eligiablity for ETCs and had failed to
exhaust his respective administrative remedies). Finally, In **Patel v.
Barron**, 2023 LEXIS 175906, the Court concluded that it was "satisfied
that it would be futile to require further exhaustion given the denial
of Petitioner's initial administrative remedy request was in accordance
with official BOP Policy." The Court then waived the exhaustion requirement
in the circumstance of that case which **Mirror the facts in the instant
petition**. It would be an exercise in futility for the petitioner to be
required to exhaust his administrative remedies given that the BOP would
enforce its own regulation which is in direct conflict with the statutory
mandates as set forth below.

IV. **CONGRESS'S INTENT IS CLEAR THAT EARNED TIME CREDITS SHOULD BE
AWARDED TO ELIGIBLE INMATES FROM THE TIME OF SENTENCING FOR
A DETAINED DEFENDANT, CONTRARY TO THE BOP'S PRISON REGULATION**

The BOP's denial of ETC's for the period while Petitioner was
waiting transfer to his designated facility is improper and violates
the mandates of both the FSA and 18 U.S.C. § 3585. The language of the
FSA makes it clear that Congress intended for ETC's to be available from
the date of a detained defendant's sentence is imposed. The FSA was
signed into law on December 21, 2018. one of its goals included incentivzing
and rewarding participation and completion of recidivism reduction programs
and productive activities. As the BOP described the FSA, it was "the
culmination of a bi-partisan effort to improve criminal justice outcomes,
as well as to reduce the size of the federal prison population while also
creating mechanisms to maintain public safety."

Page Five

Under the FSA, an eligible prisoner who is "determined by the BOP to be at a minimum or low risk for recidivating" may earn 10 days of ETCs, or in some cases, 15 days of ETCs, for every 30 days of successful program participation. 18 U.S.C. §§ 3632(d)(4)(A), (B), (D). Time credits under the FSA "shall be applied toward time in prerelease custody or supervised release" and the BOP "shall transfer eligible prisoners, as determined under § 3624(g), into prelease custody or supervised release".

18 U.S.C. § 3632(b)(4)(B)(ii) provides that a prisoner may not earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed "during official detention prior to the date that a prisoner's sentence commences, under § 3585(a)." the only logical reading of this language is that once the sentence commences, he may earn time credits.

This reference back to 18 U.S.C. § 3585(a) makes it clear that prisoners are to be awarded ETCs from the date of the commencement of their sentence as defined therein. 18 U.S.C. § 3585(a) states that "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." once he was sentenced on April 28, 2023 Petitioner was awaiting transportation to the facility where his sentence was to be served.

The BOP has adopted regulations that contravene the intent of Congress and conflict with the above-cited statutory language. The BOP ignores the statutory eligiblity for ETCs commence. The BOP regulation which govern FSA ETCs is found at 28 C.F.R. § 523.42(a). It provides that an inmate is eligible to earn ETCs "after the inmate's term of

VITALY BORKER
BOP #64386-054
Federal Medical Center Devens
P.O. Box 879
Ayer, Massachusetts 01432

Federal Clerk John Farrell
U.S. District court For The District Of Massachusetts
1 Courthouse Way, Suite 2300
Boston, MA 02210

Dear Sir/Madaam:

Please find attched for filing one (1) copy of my motion for habeas corpus pursuant to 28 U.S.C. § 2241. Please note that I will be sending the filing fee by the BOP's BP-1999 process or my family will send the $5.00 filing fee, as i am sure you know, this could take a couple of weeks, unfortunately.


Enclosed, please find a self-addressed stamped envelope in which I request you mail me back the docket number of this case.

Dated: January 03, 2024                    Sincerely Yours,

                                           Vitaly Borker, #64386-054

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

VITALY BORKER,              )
    Petitioner,         )
                        )
v.                          )    Civil Action No._____
                        )
WARDEN BOWERS,              )
    Respondent.         )

**************************************************************

PETITIONER'S MEMORANDUM IN SUPPORT OF HIS
PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241

**************************************************************

## FACTUAL BACKGROUND

On 4/28/23, petitioner was sentenced in the Southern District of New York to a term of 30 months imprisonment and 3 years of supervised release, following his guilty plea to the charge of wire fraud. (See United States v. Borker 22-cr-273-JSR). Before and after sentencing, Petitioner was housed at the Metropolitan Detention Center (MDC) in Brooklyn, NY until he was subsequently transferred to FCI Fort Dix on 7/18/23. Petitioner worked productively as a unit orderly, never refused to participate in any programming or FSA risk assessments, attempted to access programming when available and maintained clear conduct.

## I. RELIEF SOUGHT

Under 28 C.F.R. 523.42(a), the BOP's policy is that Petitioner is not entitled to ETC's (Earned Time credits) until he arrived at his designated facility on 7/18/23, despite having been in custody and control of the Federal Government since he was arrested and detained. Without ETC's being rewarded for this time period (4/28/23-7/18/23), Petitioner is being denied a total of approximately 30 days towards

Page Two

early release. Petitioner asserts that he became eligible for ETC
accrual when he was sentenced on 4/28/23, and that a calculation
including this time period would result in his earlier eligibility
for release.

## II. THE EXHUSTION REQUIREMENT SHOULD BE WAIVED

Petitioner began the Administrative Remedy Process on 12/5/2023.
Petitioner completed the first two steps and filed an appeal with
the Regional Director, the third step of the process, on or about
12/29/2023. Petitioner asserts that further exhaustion would be futile
because BOP's position with respect to whether he is entitled to ETC's
for the challenged time period is consistent with it's official policy
as set forth in its regulations under 28 C.F.R. 523.42(a), which provides
that "[a]n eligible inmate begins earning FSA time credits after the
inmate's term on imprisonment commences (the date the inmate arrives
or voluntarily surrenders at the designated Bureau facility where the
sentence will be served)" 28 C.F.R. 523.42(a). This is further evidenced
by the Unit Manager's response on 12/5/23, that "Federal Time credits
from 4/28/23 thru 7/17/23 cannot be earned. Eligible offenders begin
earning time credits once they arrive at their designated BOP facility".
(Exhibit 1: Response by Unit Manager 12/5/23) and echoed by the Warden's
response on 12/22/23 that "Eligible Offenders begin earning time credits
once they arrive at their designated BOP Facility". (Exhibit 2: Response
by Warden remedy ID #1184121-F1). There is no viable reason to suggest
that further levels of exhaustion will deviate from the BOP's regulations
as set forth in it's policy.

Courts have recognized exceptions to the 28 U.S.C. § 2241 exhaustion
requirement when exhausting administrative appeals "would be futile, or

Page Three

[when] the appeals process [would] be inadequate to prevent irreparable harm." Rodriguez-Rosa v. Spaulding, No. CV 19-11984-MBB, 2020 WL 2543239, at *10 n.21, 2020 U.S. Dist. LEXIS 88044 (D. Mass. May 19, 2020)(internal quotation marks and citation omitted); Carroll v. Warden of FCI Berlin Robert Hazlewood, No. 21-CV-139-PB, 2021 WL 2877463, at *2 (D.N.H. May 26, 2021), report and recommendation adopted sub nom. Carroll v. Hazlewood, No. 21-CV-00139-PB, 2021 WL 2857184 (D.N.H. July 07, 2021).

Specifically, exceptions "are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attemp to exhaust such remedies would itself be a patently futile course of action." Fuller v. Rich, 11 F.3d 61, 65 (5th Cir. 1994)). The Tenth and Sixth Circuits also recognize a futility exception to the exhaustion requirement applicable to section 2241 petitions. See Garza v. Davis 596 F.3d 1198, 1203-04 (10th Cir. 2010); Fazzini v. northest Ohio Correctional Center, 473 F.3d at 236 (habeas exhaustion requirement for section 2241 petition "may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks"); See also Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003).

III. THE EXHAUSTION REQUIREMENTS SHOULD BE WAIVED IN THE CONTEXT OF THE FIRST STEP ACT

Courts have addressed the waiver of administrative exhaustion upon a showing of "futility, incapability, [or] undue prejudice" in the context of the FSA. In Goodman v. Ortiz, 2020 WL 5015613 (D.N.J. August 25, 2020), the Court found that the exhaustion requirement would be futile where the BOP's preferred construction of the FSA barring the reward of ETC's was contrary to the statutory language. See Also Hare v. Ortiz, No. 20-14093, 2021 WL 391280 (D.N.J. February 04, 2021)(invoking

Page Four

the principle that exhaustion was not required because the case presented
"a narrow dispute of statutory construction" where the petitioner sought
review of BOP's determination of eligiablity for ETCs and had failed to
exhaust his respective administrative remedies). Finally, In **Patel v.
Barron**, 2023 LEXIS 175906, the Court concluded that it was "satisfied
that it would be futile to require further exhaustion given the denial
of Petitioner's initial administrative remedy request was in accordance
with official BOP Policy." The Court then waived the exhaustion requirement
in the circumstance of that case which **Mirror the facts in the instant
petition**. It would be an exercise in futility for the petitioner to be
required to exhaust his administrative remedies given that the BOP would
enforce its own regulation which is in direct conflict with the statutory
mandates as set forth below.

IV. <u>CONGRESS'S INTENT IS CLEAR THAT EARNED TIME CREDITS SHOULD BE
AWARDED TO ELIGIBLE INMATES FROM THE TIME OF SENTENCING FOR
A DETAINED DEFENDANT, CONTRARY TO THE BOP'S PRISON REGULATION</u>

The BOP's denial of ETC's for the period while Petitioner was
waiting transfer to his designated facility is improper and violates
the mandates of both the FSA and 18 U.S.C. § 3585. The language of the
FSA makes it clear that Congress intended for ETC's to be available from
the date of a detained defendant's sentence is imposed. The FSA was
signed into law on December 21, 2018. one of its goals included incentivzing
and rewarding participation and completion of recidivism reduction programs
and productive activities. As the BOP described the FSA, it was "the
culmination of a bi-partisan effort to improve criminal justice outcomes,
as well as to reduce the size of the federal prison population while also
creating mechanisms to maintain public safety."

Page Five

Under the FSA, an eligible prisoner who is "determined by the BOP to be at a minimum or low risk for recidivating" may earn 10 days of ETCs, or in some cases, 15 days of ETCs, for every 30 days of successful program participation. 18 U.S.C. §§ 3632(d)(4)(A), (B), (D). Time credits under the FSA "shall be applied toward time in prerelease custody or supervised release" and the BOP "shall transfer eligible prisoners, as determined under § 3624(g), into prelease custody or supervised release".

18 U.S.C. § 3632(b)(4)(B)(ii) provides that a prisoner may not earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed "during official detention prior to the date that a prisoner's sentence commences, under § 3585(a)." the only logical reading of this language is that once the sentence commences, he may earn time credits.

This reference back to 18 U.S.C. § 3585(a) makes it clear that prisoners are to be awarded ETCs from the date of the commencement of their sentence as defined therein. 18 U.S.C. § 3585(a) states that "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." once he was sentenced on April 28, 2023 Petitioner was awaiting transportation to the facility where his sentence was to be served.

The BOP has adopted regulations that contravene the intent of Congress and conflict with the above-cited statutory language. The BOP ignores the statutory eligiblity for ETCs commence. The BOP regulation which govern FSA ETCs is found at 28 C.F.R. § 523.42(a). It provides that an inmate is eligible to earn ETCs "after the inmate's term of

Page Six

imprisonment commences" which it defines as "the date that the inmate
arrives or voluntarily surrenders at the designated Bureau facility
where the sentence will be served". In adopting this regulation, the
BOP ignored the statutory directive defining when a sentence "commences"
which has a profound impact on when ETCs begin accumulating.

This Court should not defer to the BOP's interpretation as to
when ETC eligibility begins. When read together, 18 U.S.C. § 3585(a) and
18 U.S.C. § 3632((b)(4)(B)(ii) make it clear that ETCs begin to accrue
at the time of sentencing for an inmate who is not given the privilege
of self-surrendering.

The starting point for statutory construction is that "words generally
should be interpreted as taking their ordinary, contemporary, common
meaning ... at the time Congress enacted the statute." Wisconsin Cent.
Ltd. v. United States, 138 S.Ct. 2067, 2074 (2018)(quoting Perrin v.
United States 444 U.S. 37, 42 (1979)). Courts must also bear in mind the
fundamental canon of statutory construction that words of a statute must
be read in their context and with a view to their place in the overall
statutory scheme." Util. Air Regulatory Grp. v. E.P.A., 573 U.S. 302,
320 (2014)(quoting FDA v. Brown & Williamson Tobacco Corp., 529 U.S. 120,
133 (2000)). "when the words of a statute are unambiguous...judicial
inquiry is complete." Connecticut Nat. Bank v. Germain, 503 U.S. 249,
254 (1992)(quotation omitted). Agencies exercise discretion only in the
interstices created by statutory silence or ambiguity; they must always
"give effect to the unambiguously expressed intent of Congress."
Util. Air Regulatory Grp, 573 U.S. at 326(quoting National Assn. of
Home Builders v. Defenders of Wildlife, 55 U.S. 644, 665 (2007)(quoting
Chevron, U.S.A, of Home Builder v. Defenders of Wildlife, 551 U.S. 644,

Page Six

imprisonment commences" which it defines as "the date that the inmate
arrives or voluntarily surrenders at the designated Bureau facility
where the sentence will be served". In adopting this regulation, the
BOP ignored the statutory directive defining when a sentence "commences"
which has a profound impact on when ETCs begin accumulating.

    This Court should not defer to the BOP's interpretation as to
when ETC eligibility begins. When read together, 18 U.S.C. § 3585(a) and
18 U.S.C. § 3632((b)(4)(B)(ii) make it clear that ETCs begin to accrue
at the time of sentencing for an inmate who is not given the privilege
of self-surrendering.

    The starting point for statutory construction is that "words generally
should be interpreted as taking their ordinary, contemporary, common
meaning ... at the time Congress enacted the statute." __Wisconsin Cent.__
__Ltd. v. United States__, 138 S.Ct. 2067, 2074 (2018)(quoting __Perrin v.__
__United States__ 444 U.S. 37, 42 (1979)). Courts must also bear in mind the
fundamental canon of statutory construction that words of a statute must
be read in their context and with a view to their place in the overall
statutory scheme." __Util. Air Regulatory Grp. v. E.P.A.__, 573 U.S. 302,
320 (2014)(quoting __FDA v. Brown & Williamson Tobacco Corp.__, 529 U.S. 120,
133 (2000)). "when the words of a statute are unambiguous...judicial
inquiry is complete." __Connecticut Nat. Bank v. Germain__, 503 U.S. 249,
254 (1992)(quotation omitted). Agencies exercise discretion only in the
interstices created by statutory silence or ambiguity; they must always
"give effect to the unambiguously expressed intent of Congress."
__Util. Air Regulatory Grp__, 573 U.S. at 326(quoting __National Assn. of__
__Home Builders v. Defenders of Wildlife__, 55 U.S. 644, 665 (2007)(quoting
__Chevron, U.S.A, of Home Builder v. Defenders of Wildlife__, 551 U.S. 644,

Page Seven

665 (2007)(quoting Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843 (1984)).

Courts in this District as well as others, have come to similar conclusions on the identical facts. In Izuchukwu Umejesis v. Warden, 2023 (District of New Hampshire) U.S. LEXIS 56661 the court directed that the BOP recalculate Mr. Umejesi's time credit and explained that "28 C.F.R. 523.42(a) cannot be applied to prevent Mr. Umejesis from earning time credits to which he is entitled under the plain language of the FSA. Mr. Umejesis is allowed to earn FSA time credits beginning on May 24, 2021". This is the date Mr. Umejesis was sentenced. In Austen Yufenyuy v. Warden 2023 (District of New Hampshire) U.S. LEXIS 40186, the court also reached the same conclusion and ordered that BOP recalculate time credits to start on the date Mr. Yufenyuy was sentenced which was June 09, 2021.

In another court, Ashokkumar Patel v. Barron 2023 (Western District of Washington) U.S. LEXIS 175906. The court directed the BOP recalculate Petitioner's time credits and reasoned that Respondents "have offered no persuasive argument that there are viable reasons to deviate from the rulings in these other cases." The court concluded that the decisions in Yufenyuy and Huihui, the Petitioner became eligible to earn ETC's once he was sentenced in December 2022, and judgment was entered committing him to custody of the BOP.

This is not a case where there is ambiguity or silence on when Congress intended an inmate to be eligible for ETCs. Because the statutes are clear and unambiguous that the FSA ETC eligibility begins once a a detained defendant is sentenced, this is the end of the inquiry under Chevron.

Page Eight

CONCLUSION

The BOP regulation that prevents Petitioner from being eligible for ETC's from the time that he began to serve his sentence contranenes the goals of the FSA and ignores the clear intent of Congress. The Court should order the BOP recalculate Petitioner's Sentenceto award him ETC's from the date of his Sentencing which was 4/28/2023.

Dated: <u>January 03, 2024</u>

Respectfully Submitted,

Vitaly Borker, #64386-054
FMC-Devens
P.O. Box 879
Ayer, Massachusetts 10432
Filing Pro Se

WHEREFORE, the Petitioner respectfully requests that his Motion for Habeas Corpus under 28 U.S.C. § 2241 be GRANTED.

Dated: <u>January 03, 2024</u>

Respectfully Submitted,

Vitaly Borker, #64386-054
FMC-Devens
P.O. Box 879
Ayer, MA 01432
Filing Pro Se

CERTIFICATE OF SERVICE

I, Vitaly Borker, hereby certify that a copy of the attached document was served on the U.S. District Court for the District of Massachusetts, by turning it over to the FMC-Devens Mail staff, first-class postage prepaid, addressed to, Clerk of the Court, One Courthouse Way, suite 2300, Boston, Massachusetts 02210, for mailing via U.S. Mail on this 3rd day of January, 2024.

Vitaly Borker, #64386-054

**FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS**
**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #1184121-F1**


**BORKER, Vitaly**
**REG. NO. 64386-054**
**H Unit**

This is in response to your Request for Administrative Remedy, dated December 12, 2023, wherein you are concerned about the FSA Time Credit received. Specifically, you requested your "…federal time credits to be recalculated as 'earned' for the following time periods: April 28, 2023 - July 18, 2023 and July 18, 2023 – September 25, 2023."

FMC Devens staff are not involved in the process of how FSA Time Credits are calculated. As such, they are also unable to modify or change the credits that have or have not been allocated to you. Eligible offenders begin earning time credits once they arrive at their designated BOP facility. You arrived at your initial designation FCI Fort Dix on July 18, 2023.

Based on the above, your request for Administrative Remedy is for informational purposes only.

If you are not satisfied with this decision, you may appeal to the Regional Director at Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania 19106.   Your appeal must be received in the Northeast Regional Office within 20 days of the date of this response.

_____                    __12|22|2023__
F. J. Bowers, Warden                                                       Date