IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

VITALY BORKER,           )
        Petitioner,      )
                         )
v.                       )   Civil Action No. _____
                         )
WARDEN BOWERS,           )
        Respondent.      )
                         )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITIONER'S MEMORANDUM IN SUPPORT OF HIS
PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FACTUAL BACK GROUND

In May, 2022, Petitioner was indicted on charges of mail fraud and wire fraud. United States v. Borker, Case No. 1:22-cr-00273-JSR (S.D.N.Y.)(ECF No. 10). Petitioner pleaded guilty and was sentenced on 4/28/2023 to a term of 30 months imprisonment with three years supervised release. As a result, the following month., the District Court revoked Petitioner's supervised release in connection with a previous crime and sentenced him to 14 months imprisonment to run consecutive with the 30 month sentence for his most recent conviction. United States v. Borker et al., Case No. 1:17-cr-00391-PGG (S.D.N.Y.)(ECF No. 152).

## I. RELIEF SOUGHT

Petitioner submits that the Bureau of Prisons made 2 separate errors, that combined, denied him :of at least 70 FSA Time Credits ("FTC's"). Petitioner requests that the court order the BOP to make the following 2 changes:

(1) Order the BOP to remove the designation of "incomplete needs assessment" from his FSA Time Credit calculation, and include the missing 69 "disallowed" programming days for the period (7/18/23-

Page Two

(9/25/23), which when accrued and applied,will result in 25 additional
FTC's, advancing Petitioners release date.

(2) Order the BOP to amend Petitioners first 2 FSA Assessment periods
(7/18/23-8/15/23) and (8/15/23-2/11/24) from "Medium" to "Low"
following the 2023 Retroactive Guideline Amendments, which when
applied retroactively, will result in 45 additional FTC's, advancing
Petitioners release date.

## II. "DISALLOWED" PROGRAM DAYS FOR THE PERIOD (7/18/23-9/25/23)

On 7/18/2023, Petitioner was transported to and arrived at FCI
Fort Dix.

On 7/20/2023, Petitioner completed the SPARC-13 Self-Assessment
Survey on Trulincs.

On 9/5/2023 the BOP issued Petitioner the "September FSA Time
Credit Assessment" ID #2146234976 which CORRECTLY showed Petitioner
had accrued a total of 47 programming days, while he was housed at
FCI Fort Dix between 7/18/2023 and 9/5/2023. (See Exhibit "1").

On 9/7/2023, Petitioner was transferred to FMC Devens.

On 10/23/2023, Petitioner received the "October FSA Time Credit
Assessment" ID #2146007495, which INCORRECTLY and mysteriously changed,
from "accrue" to "disallow" for the time period of 7/18/23-9/25/2023,
and as a result caused a loss of 69 programming days towards the FSA
(Exhibit 2).

On 12/5/23, after not being able to resolve this issue with
staff, Petitioner filed a BP-8, the first step in the Administrative
Remedy process. It was rejected the same day. The Unit Team indicated
that there was "no record of Assessments being completed from 7/18/23-

Page Three

9/24/23. (See Exhibit 3), in the face of the BOP's very own Assess-
ment ID # 2146234976 which shows that he was "accruing" FTC's during
that time period. A BP-9 was then filed to the Warden.

On 12/22/23, the BP-9 remedy ID # 1184121-F1 was returned back
to the Petitioner. The Warden indicated that "FMC Devens staff are
not involved in process of how FTC Time Credits are calculated". (See
Exhibit 4). Petitioner was then directed to file a BP-10 (The 3rd
level of the process) which is an Appeal to the North East Regional
Office.

On 12/29/23, Petitioner filed an appeal to the North East Regional
Office, and it was Received on 1/5/24. A reply was due within 30 days
of receipt as per the BOP Program Statement.

On 2/12/24, The North East Regional Office responded that it
required a 30 day extension and indicated that it would reply to
Petitioner by 3/5/2024. (See Exhibit 5).

On 3/6/24, Petitioner has still not received a response from
the North East Regional Office.

On 3/20/24, Pursuant to 28 C.F.R. § 542.18, Petitioner filed a
BP-11 to the Central Office. According to the BOP's Program State-
ment, the lack of a response to an Administrative Remedy in the allotted
timeframe should be considered a denial on that level. The BP-11 is
the last level of the Administrative Remedy Process. A response is
pending.

The BOP's erroneous denial of ETC's for the time period of 7/18/23-
9/25/23 causes Petitioner to lose approximately 25 days towards his FSA
conditional release date.

## III. RETROACTIVITY OF PETITIONERS FSA PATTERN SCORE
## FROM MEDIUM TO LOW AS OF 7/18/2023

On 12/8/2023, following the 2023 retroactive guideline amendment, the Probation Department determined that Petitioner was eligible for retroactive application of the Amended Guidelines. The Probation Department's new calculation resulted in a two-point reduction and a decrease in his Criminal History Score from IV to III. (See USA v. Borker 1:22-cr-00273-JSR Document No. 40).

On 1/5/24, Petitioner Filed a BP-8, requesting retroactive application of the Amended PSI and updating his FSA Time Credit Assessment from Medium to Low. On the same day, Unit Team indicated that it had "not received the amended PSI from DSCC yet". (See Exhibit 6).

On 1/8/24, Petitioner Filed a BP-9, requesting the same application of Amended PSI and updating his FSA Time Credit Assessment from Medium to Low.

On 1/24/24, Administraive Remedy ID # 1186600-F1 was returned. The Warden responded that these retroactive changes do not go into effect until February 2024 and that Unit Team will evaluate the case once a decision has been made. The Warden directed Petitioner to Appeal to the Regional Director if not satisfied with the answer. (See Exhibit 7).

On 1/26/24, Petitioner filed his BP-10 to the North Regional Office.

On 1/29/24, The Court adopted the Supplemental PSR (See USA v. Borker 1:22-cr-00273-JSR Document No. 43)(See Exhibit 8).

On 2/14/24, Petitioner received notice from the North Regional Director that additional time is needed to respond to Remedy ID # 1186600-R1 and extended the response date to 4/1/24. Petitioner is

Page Five

is pending a response. (See Exhibit 9).

On 3/11/24, Petitioner met with Unit Team for his quarterly "Team Meeting". Unit Team advised Petitioner that he has been recommended for 120 days Home Confinement (H/C) or RRC (Residential Reentry Center) placement. He was informed that currently his "FSA Conditional Release Date" is: 11/23/24 (Footnote 1). (See Exhibit 10).

The BOP's failure to Retroactively change Petitioners recidivism score from Medium to Low as a result of the 2023 U.S.S.G. causes Petitioner to lose approximately 45 FTC's towards his FSA Projected Release Date.

## IV. THE PRISONER ASSESSMENT TOOL TARGETTING ESTIMATED RISK AND NEEDS ("PATTERN")

Pursuant to the First Step Act's directive in 18 U.S.C. § 3632, the BOP developed tools assess an inmates risk of recidivism and their criminogenic needs. The Prisoner Assessment Tool Targetting Estimated Risk Needs ("Pattern") is a system designed to accurately measure an inmates change in recidivism risk during incarceration. Inmates are entitled to earn 10 days of federal time credits (FTC's) for every 30-days of successful programming. See 18 U.S.C. § 3632(d)(4)(A)(i). Inmates deemed to be at a low or minimum risk of recidivism

---

FOOTNOTE 1: The "FSA Conditional Release Date", forecasts and takes into consideration all possible FTC's Petitioner would earn until his Projected Release under the FSA. "Inmates who successfully participate in EBRR programming or PA's are entitled to earn 10 days of time credits for every 30 days of successfully programming. See 18 U.S.C. § 3632(d)(4)(A)(i). "Inmates deemed to be at a low or minimum risk of recidivism and who, over two consecutive assessments, have not increased their risk of recidivism shall earn 15 days of time credits for every 30-days of successful programming. See 18 U.S.C. § 3632(d)(4)(A)(ii).

Page Six

and who over "two consecutive" assessments have not increased their
risk of recidivism, shall earn an additional 5 days of time credits
for every 30 days of successful programming. See 18 U.S.C. § 3632(d)
(4)(A)(ii).

The Pattern point Table (See Exhibit 11) scores inmates based
on 15 factors such as Age, Criminal History and Incident Reports.
Since inception, "Pattern" has undergone multiple iterations and
updates to its scoring. The current Pattern version is v1.3 General
Male Inmates that score 39 or lower are considered to be LOW. General
Violent Male Inmates that score 24 or lower are considered to be LOW.
In order to be deemed a "low" risk to recidivate and be able to apply
the earned FTC's, inmates must BOTH be a "LOW" risk in the General
Score and a "LOW" risk in the the Violent score.

## V. PETITIONERS INITIAL PATTERN ASSESSMENT #001 for (7/18/23-8/15/23)

Petitioners Initial Assessment dated 8/9/23, Assessment ID #
2146656325 (See Exhibit 12). Petitioner Scored a General Level of
42 which is a MEDIUM and a Violent Level of 23 which is a LOW. This
resulting in Petitioners initial assessment #001 (7/18/23-8/15/23)
to be categorized as MEDIUM. (See Exhibit 13), therby allowing for
a Factor of 10 FTC credits to be earned for each 30 days of FSA
participation.

Relevant Here, is Category #4: Criminal History points.
A Criminal History of 7-9 points scores a Pattern score of 24 Points.
A Criminal History of 4-6 Points Scores a Pattern Score of 16 Points.
In other words, If Petitioner had his initial Assessment #001 with a
lower criminal history score, he would have been deemed to be a LOW
rather than a MEDIUM at his initial Assessment.

Page Seven

## VI. PETITIONERS 2nd PATTERN ASSESSMENT #002
## FOR (8/15/23-2/11/24)

Petitioner's Second Assessment dated 9/24/23, Assessment ID: 2146606747 (See Exhibit 14), Petitioner scored a General Level of 46 whi ch is a MEDIUM and a Violent level of 27 which is a MEDIUM. This resulted in Petitioner's Assessment #002 (8/15/23-2/11/24) to be categorized as MEDIUM. (See Exhibit 15), thereby allowing for a factor of 10 FTC's to be earned for each 30 days of FSA Participation. Relevant here once again is Category #4: Criminal History Points. A Criminal History of 7-9 points scores a Pattern Score of 24 Points. A Criminal History of 4-6 points scores a Pattern score of 16 Points. In other words, if Petitioner's Score (002) Assessment would have been scored under a lower criminal history score, he would have been deemed to be a LOW rather than a MEDIUM, setting the stage for his next (003) assessment.

"Inmates deemed to be at a low or minimum risk of recidivism and who over "two consecutive" assessments have not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful programing. See 18 U.S.C. 4 3632(d)(4)(A)(ii). Relevant here, is if Petitioner scored a LOW for his (002) Assessment his (003) Assessment would have been calculated at a factor of 15 FTC's instead of a factor of 10 FTC's, adding an additional +5 FTC's for each month going forward.

## VII. PETITIONER'S 3rd PATTERN ASSESSMENT #003
## FOR (2/11/24-5/11/24)

Petitioners 3rd assessment dated 3/2/2024, Assessment ID : #2146408709 (See Exhibit 16), Petitioners scored a General Level of 32 which is a LOW and a Violent Level of 21 which is a LOW. This

Page Eight

resulted in Petitioners Assessment #003 (2/11/24-5/11/24) to be
categorized as a LOW. Since BOP has not made any retroactive adjust-
ments to Petitioner's 001 and 002 Assessments, Petitioner is still
earning only 10 FTC's for each days of programming INSTEAD of the
15 FTC's that he would have been earning for this period had the
retroactive changes been made.

### VIII. EXHAUSTION REQUIREMENT SHOULD BE WAIVED

Petitioner began Administrative Remedy # 1184121-F1 related
to the "disallow" days on 12/5/2023. He began his Administrative
Remedy # 1186600-F1 related to the Retroactivity of his FSA Pattern
Score on 1/5/24. As of 3/20/24, Petitioner has completed all of the
necessary steps to exhaust # 1184121-F1 and 3 of the 4 steps to exhaust
# 1186600-F1. Petitioner awaits a response from Central Office on
# 1184121-F1 and a response from the North East Regional Office on
# 1186600-F1. Pursuant to 28 C.F.R. § 542.18, Central office must
respond within 40 days, and will be allowed an additional 40 days,
if the agency requests an extension (which is probable). Petitioner
asserts that further exhaustion would be futile given that requiring
Petitioner to fully exhaust both of these claims would result in a
serious risk of irreparable injury and futility.

Petitioner contends that irreparable injury will result if he
is unable to secure immediate judicial consideration of his claim
that the BOP failed to apply his FTC's towards his FSA Condtional
Release date. Petitioner claims that if all FTC's were applied correctly
his release to the RRC would take place in the comming weeks rendering
any possibility of relief, moot.

Courts have recognized exceptions to the 28 U.S.C. § 2241 exhaustion
requirement when exhausting administrative appeals "would be futile or

[when] the appeals process [would] be inadequate to prevent irreparable
harm." <u>Rodriguez-Rosa v. Spaulding</u>, No. CV 19-11984-MBB, 2020 WL 2543239,
at *10 n.21, 2020 U.S. Dist. LEXIS 88044 (D. Mass. May 19, 2020)(internal
quotation marks and citation omitted); <u>Carroll v. Warden of FCI Berlin
Robert Hazlewood</u>, No. 21-CV-139-PB, 2021 WL 2877463, at *2 (D.N.H.
May 26, 2021), report and recommendation adopted sub nom. <u>Carroll v.
Hazlewood</u>, No. 21-CV-00139-PB, 2021 WL 2857184 (D.N.H. July 07, 2021).

Specifically, exceptions "are appropriate where the available
administrative remedies either are unavailable or wholly inappropriate
to the relief sought, or where the attemp to exhaust such remedies
would itself be a patently futile course of action." <u>Fuller v. Rich</u>,
11 F.3d 61, 65 (5th Cir. 1994)). The Tenth and Sixth Circuits also
recognize a futility exception to the exhaustion requirement applicable
to section 2241 petitions. <u>See</u> <u>Garza v. Davis</u> 596 F.3d 1198, 1203-04
(10th Cir. 2010); <u>Fazzini v. northest Ohio Correctional Center</u>, 473 F.3d
at 236 (habeas exhaustion requirement for section 2241 petition "may
be excused where pursuing such remedies would be futile or unable to
afford the petitioner the relief he seeks"); <u>See also Beharry v. Ashcroft</u>,
329 F.3d 51, 62 (2d Cir. 2003).

## IX. CONSIDERATION OF CASE BORKER V. BOWERS 24-CV-10045-LTS PENDING BEFORE THIS COURT

Petitioner is currently awaiting a ruling from this Court on
another matter, relevant to his FSA Conditional Release date. (See
<u>Borker v. Bowers</u> 24-cv-10045-LTS). In that case, petitioner asserts
that he became eligible for FTC accrual from the date he was sentenced
on 4/28/23, and is seeking an order to have the BOP recalculate his
FTC's. If granted, Petitioners release date will advance by approximately
20 days.

TEN

Page ~~Eleven~~

## CONCLUSION

The BOP has erroneously through no fault of Petitioner, "disallowed" a total of 69 FSA Programming Days from Assessment #001 (7/18/23-9/25/23). The BOP then failed to apply the retroactive application update to Petitioners Pattern score, for both Assessments #001 (7/18/23-9/25/23) and Assessment #002 (8/15/23-2/11/24) from MEDIUM to LOW, resulting in Petitioners inability to begin earning his statutorily entitled extra 5 days of FTC's beginning on or about 2/11/24, which consequently would result in 45 FTC's towards earlier release.

After (1) applying the 120 days of HC/RRC placement already recommended by the Unit Team, then (2) applying 25 FTC's that were erroneously "disallowed" for incomplete needs assessment", and (3) applying 45 FTC's that would result in the update related to the retroactivity of the 2023 U.S.S.G. to Petitioners Pattern score and finally (4) applying approximately 20 more FTC's Petitioner expects to be granted in 24-cv-10045-LTS, Petitioner submits that these (4) separate and distinct modifications would advance his FSA Conditional Release date, at least 90 days or more, to 8/24/24, and allow Petitioner to be released to the RRC on orabout 4/28/24, which is only a few weeks away.

This Court should order the BOP to accurately recalculate Petitioners FSA Time Credits Assessment Sheet and award his the correct number of FTC's based on these errors.

## CERTIFICATE OF SERVICE

I, Vitaly Borker, hereby certify that a copy of the attached document was served on the U.S. District Court for the District of Massachusetts, by turning it over to the FMC-Devens Mail staff, first-class postage prepaid, addressed to, Clerk of the Court, One Courthouse Way, suite 2300, Boston, Massachusetts 02210, for mailing via U.S. Mail on this ~~3rd~~ 22ND day of ~~January~~ MARCH, 2024.

Vitaly Borker, #64386-054