**Exhibit A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KANIU HUIHUI, #12097-122,<br><br>Petitioner,<br><br>v.<br><br>ESTELA DERR, WARDEN,<br><br>Respondent. | Civil No. 22-00541 JAO-RT<br><br>ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 |

**ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

Pro se Petitioner Kaniu Huihui ("Petitioner" or "Huihui") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") on December 27, 2022. ECF No. 1. Because the parties are familiar with the facts and procedural history relevant to this action, the Court will not repeat it again here. In short, Petitioner sought an order directing the Federal Bureau of Prisons ("BOP") to apply her earned time credits ("ETC") and her Good Time Credits ("GTC") under the First Step Act ("FSA"). The central question was whether Petitioner could be indefinitely denied the ability to earn FSA ETCs despite being sentenced on October 26, 2022 because she was a "holdover inmate" at FDC Honolulu, meaning she was awaiting transportation to the official detention facility at which she would

actually serve her sentence. Ultimately, on June 20, 2023, the Court dismissed the Petition ("Order"). ECF No. 19. However, based on the Court's analysis of the relevant statutory language under the FSA regarding when an individual becomes eligible to earn ETCs, *see id.* at 7–12, the Court ordered as follows:

1. If [Petitioner] has not been assessed under the FSA as of the date of this Order, the Court orders the BOP to conduct the assessment required under the FSA no later than August 1, 2023, or to file a brief explaining why she is not eligible for such assessment or why BOP cannot conduct such an assessment. If Petitioner has already had her initial assessment, BOP must conduct the second assessment as early as practicable so she may immediately begin to start accruing 15 days if she is eligible.

2. If Petitioner has already been assessed, is eligible under the FSA, and has "successfully complete[d] evidence-based recidivism reduction programming or productive activities" under 18 U.S.C. 3632 after October 26, 2022, BOP is ordered to calculate her FSA ETCs with her sentencing date as the date she is eligible to start earning FSA ETCs.

*Id.* at 16–17. The Court gave the Government an opportunity to respond to the Order or inform the Court if there was any reason it could not comply with the Order. The Government responded on July 5, 2023. ECF No. 20. The Court then held a Status Conference on August 7, 2023. ECF No. 22. After the Status Conference, the Court directed that counsel be appointed for Petitioner, for the purpose of addressing (1) whether *Chevron* deference should be afforded to the BOP's regulations related to the implementation of First Step Act credits, in particular 28 C.F.R. § 523.42(a); and (2) whether Petitioner may be eligible for

2

retroactive application of such credits in light of the facts in this case.  ECF No. 23.  Counsel, on behalf of Petitioner, submitted a supplemental brief addressing those issues on September 22, 2023.  ECF No. 30.  The Government filed a supplemental response on October 10, 2023, and Petitioner filed a reply on October 19, 2023.  ECF Nos. 33, 36.

First, based on the briefing submitted to the Court since its Order, it is now clear that, during the pendency of this action, Petitioner was re-designated to FDC Honolulu on March 30, 2023, received her initial assessment on April 13, 2023, and received her second assessment on October 6, 2023.  The Government had thus already completed what the Court directed in its Order, even before the Court ordered it.  The Court repeats its admonishment from the Status Conference that the Government should have disclosed this information sooner.

Next, it is also clear that, between October 26, 2022 and March 30, 2023, Petitioner was not participating in any qualifying evidence-based recidivism reduction ("EBRR") programming or productive activities ("PAs").  Despite Petitioner's arguments to the contrary, the Court does not view the preceding statement (or the evidence the Government submitted in support of it) as contradicting any prior position the Government took in this case.  The Court joins in Petitioner's frustration with the Government's delay in raising this point.  But the Court is in no position to sua sponte reclassify, for example, exercise classes

3

Petitioner took between October 2022 to March 2023 into approved EBRR programs or PAs when they are clearly not under the FSA regime. *See* ECF No. 33-4 (First Step Act Approved Programs Guide, dated October 2023). Nor did the Court's prior Order envision such a remedy. *See* ECF No. 19 at 17 (making clear Petitioner should receive ETCs starting October 26, 2022, but only if "she has 'successfully complete[d] evidence-based recidivism reduction programming or productive activities' under 18 U.S.C. 3632 after October 26, 2022"). So the Court need not consider the legal arguments for and against retroactivity, because even if the credits could apply retroactively, Petitioner had not completed the necessary programs.

Finally, based on the foregoing, the Court sees no reason to revise its prior conclusion regarding 28 C.F.R. § 523.42(a) conflicting with 18 U.S.C. § 3632 or its directives to the Government based on that conclusion. This is because, again, before the Court even issued its Order, Petitioner was no longer being denied the opportunity to earn FSA ETCs for some indefinite period of time in reliance on 28 C.F.R. § 523.42(a). While the Court understands the Government's arguments regarding the logistical difficulties inherit in setting the date of eligibility as coextensive with the date of sentencing, particularly at FDC Honolulu, the Court is still not persuaded the plain language of the FSA permits indefinitely denying a person the ability to earn FSA ETCs under a scenario like the one that occurred

4

here.  But given the information the Government has now provided to the Court—particularly that Petitioner did not participate in any qualifying programming between sentencing and re-designation, but may now earn FSA ETCs—additional discussion on this point is unnecessary, as the Court concludes it can afford Petitioner no further relief despite the highly concerning circumstances of this case.  Neither the Government nor BOP is required to take any further action in this case.  The Clerk is DIRECTED to close this case.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawaiʻi, October 30, 2023.

/s/ Jill A. Otake

Jill A. Otake
United States District Judge

CIVIL No. 22-000541 JAO-KJM; *Huihui v. Derr*; ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241