UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VITALY BORKER,<br><br>                Petitioner,<br><br>v.<br><br>WARDEN BOWERS,<br><br>                Respondent. | Civil Action No. 24-10045-LTS |

**PETITIONER'S RESPONSE TO COURT ORDER**

The Petitioner, Vitaly Borker, has moved for relief under 28 U.S.C. § 2241, claiming that the Bureau of Prisons ("BOP") has failed to award him certain earned time credits to which he is entitled under the First Step Act. Doc. No. 1. In response, the Respondent argued (in part) that Mr. Borker is not entitled to credits for the period in which he was detained at the MDC because he cannot demonstrate that he completed qualifying evidence based recidivism reduction ("EBRR") programs or productive activities ("PAs"). Doc. No. 11 at 9. In its April 9, 2024 Order denying the Respondent's motion to dismiss, the Court found that "this issue requires further development" and offered the parties the opportunity to submit further briefing. Doc. No. 20 at 10-11.

As a strictly factual matter, the Petitioner does not claim to have completed *BOP-designated* EBRR programming while at the MDC, nor to have been placed on any waiting list for such programming while at the MDC. This was through no fault of Petitioner. The First Step Act requires the BOP to determine the recidivism risk of each prisoner "as part of the intake process" and furthermore to "determine the type and amount of evidence-based recidivism reduction programming that is appropriate for each prisoner and assign each prisoner to such

programming accordingly." 18 U.S.C. § 3632(a)(1), (3).  The Bureau of Prisons made no such determinations with respect to Mr. Borker during his time at the MDC.  Petitioner therefore had no opportunity to participate in formal EBRR programming or PAs under the auspices of the BOP, nor to place himself on a waiting list for such programming.

This, however, is not fatal to Petitioner's claim.  Pointedly, the BOP's own regulations generally treat an inmate who has not affirmatively "[o]pted out" of EBBR programs or PAs to be able to earn FSA time credits. 28 C.F.R. § 523.41(c)(4)(v); see also Doc. 27-1, Declaration of Darla Wolf (describing how "in practice…inmates are not necessarily required to be participating in EBRR/PAs specifically assigned to them at any given time to earn credits").  Mr. Borker did not "opt out" of participating in any EBRR programs or PAs.  He has asserted that while at the MDC, he "worked productively as a unit orderly, never refused to participate in any programming or FSA risk assessments, attempted to access programming when available and maintained clear conduct." Doc. No. 1 at 7.  The only "opting out" that has taken place is the Respondent's decision to opt out of First Step Act's instruction that prisoners "shall" be eligible earn time credits after the prisoner's sentence commences.

Respondent's argument, essentially, is that Petitioner is ineligible for relief due to Respondent's own failure to faithfully implement the plain text of the FSA.  As this Court has already found, "[t]he FSA requires that [Petitioner] be permitted to earn time credits when his judgment of sentence enters (as he is then already "in custody awaiting transport" to a designated facility)." Doc. No. 20 at 8.  Respondent did not do so here and argues that Mr. Borker must pay the price for their faulty interpretation of the FSA.  Principles of estoppel and equity dictate that Respondent's argument should be rejected.

2

Moreover, the First Step Act's text and implementing regulations establish that EBRR/PA programming is to be broadly construed. The First Step Act itself supplies a list of EBRR-qualifying activities that include "a prison job, including through a prison work program." 18 U.S.C. § 3635(3)(C)(xi). Similarly, 28 C.F.R. § 523.41(a) provides a similar list of qualifying activities, including "inmate work and employment opportunities." The First Step Act's definition of a productive activity is equally expansive, providing that a productive of "either a group or individual activity that is designed to allow prisoners determined as having a minimum or low risk of recidivating to remain productive." 18 U.S.C. § 3635(5); see also 28 C.F.R. § 523.41(b) (defining PAs broadly as "a group or individual activity that allows an inmate to remain productive and thereby maintain or work toward achieving a minimum or low risk of recidivating"). Given the broad construction of what constitutes qualifying EBRR programming or PAs—and given that there is no evidence that Petitioner opted out of programming or was otherwise ineligible during his stay at the MDC—Petitioner's undisputed assertions that he "worked productively as a unit orderly, never refused to participate in any programming or FSA risk assessments, attempted to access programming when available and maintained clear conduct" are sufficient to warrant relief. The Court now having adopted the reasoning of the "small but growing chorus of federal courts" finding that the BOP's manner of determining time credit eligibility runs afoul of the FSA, it follows that the Court should provide a remedy in the same manner as have those other courts.[1]

---

[1] The Respondent relies on Huihui for the proposition that no relief is available to Petitioner, despite the Court's findings in its April 9, 2024 Order. Doc. No. 25 at 6-7. As an initial matter, Huihui appears to be an outlier in the string of cases cited in the Court's Order. All others (Umejesi, Yufenyuy, Patel, Komando) granted relief.

Respectfully submitted,

*/s/ Scott Lauer*
Scott Lauer
B.B.O.# 667807
Assistant Federal Public Defender
Federal Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
617-223-8061
Scott_Lauer@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Scott Lauer*
Scott Lauer

Dated:  May 10, 2024

---

Moreover, the Huihui decision does not engage with the statutory and regulatory framework discussed *infra* regarding qualifying EBRRs/PAs.  As such, this Court is not constrained by Huihui.